IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 20 CR 0049 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| FERNANDO ZAMBRANO | ) | |

## DEFENDANT'S MOTION FOR A NEW TRIAL

Defendant, Fernando Zambrano, by and through his attorneys, The Herbert Law Firm, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 33 for a new trial should this Court deny his motion for judgment of acquittal. In support thereof, Fernando Zambrano states as follows:

**I.    Legal Standard under Federal Rule of Criminal Procedure 33.**

Federal Rule of Criminal Procedure 33 provides that the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." In ruling on a Rule 33 motion, the court is not required to view the evidence in a light most favorable to the Government. *United States v. Walton*, 217 F.3d 443, 450 (7th Cir. 2000). If the basis for seeking a new trial is not due to new evidence, then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." *United States v. Van Eyl*, 468 F. 3d 428, 436 (7th Cir. 2006).

Although a jury verdict in a criminal case is not to be overturned lightly, if the judge believes there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted – the judge has the power to set the verdict aside, even if he does not think that he made any erroneous rulings at trial. *United States v. Morales*, 902 F.2d 604, 605-06 (7th Cir. 1990).

## II. The Court Committed Error Denying Defendant's Pre-trial Motions to Dismiss/Suppress

The Court improperly denied Defendant's initial Motion to Dismiss the Indictment for failure to state an offense, and because the statements in the indictment were not material. Doc #76. Defendant relies on all previously made arguments related to this motion. The Court improperly denied Defendant's Motion to Dismiss Statements pursuant to Miranda and Garrity; Coercion and Entrapment. *Id.*

## III. The Court Committed Error Denying Defendant's Motions in *Limine*

Defendant brought a motion to bar the Government's introduction of the recorded phone calls between Recio and Zambrano based on hearsay and the Confrontation Clause which the Court denied. Doc#80. The Court inappropriately denied Defendant's request to present an entrapment defense at trial, despite there being substantial evidence of entrapment. Doc #83. The Court also improperly denied Defendant's Motion to exclude any argument that the $50,000 buy money was missing and argued that reference to this unfairly prejudiced Defendant. At trial, Defendant's worst fear on this issue became a reality; the jury was tainted with the unmistakable belief that Defendant had stolen buy money in this case. There was no investigation in missing buy money during the relevant times in this case, as argued by Defendant in his pre-trial motion. The evidence at trial proved the absence of any investigation, which makes the Court's error in its ruling more prejudicial because the jury was led to believe that Zambrano was involved with stealing money. See Govt. Witnesses Morro T.249, 296 and Chesla 459, 463-465; Hyer 577-78.

The Court compounded the error on this issue by denying Defendant's proposed jury instruction which stated correctly, "There is no evidence in this case that the buy money remains unaccounted for." Despite the undisputed truth of the proposed statement, the Court would not allow it because it may prejudice the Government. Doc #85. Finally, the Court admitted, over Defendant's objection, Government exhibits 204 and 205. Defendant argued that the emails

represented in these two exhibits failed to support the Government's proffer. The Government's only evidence to suggest that Zambrano was on notice of scrutiny by the government were through these emails. However, the evidence showed that Zambrano had no reason to suspect that the emails were anything but routine and certainly nothing close to what the Government told the jury. The improper admission of these exhibits allowed the Government to advance its theory surrounding Defendant's guilty mind-set; however, there was not a good faith basis for this assertion based upon these two exhibits. Nonetheless, the Government was permitted to advance this theory and distort the facts on the critical issue of willfulness.

**IV.     Court Committed Error Denying Defendant's Second Motion to Dismiss**

The Defendant demonstrated evidence of prosecutorial misconduct and misconduct before the Grand Jury, which the Court rejected and denied Defendant's second motion to dismiss. Doc #110.

**V.     Court Committed Error Denying Defendant's Proposed Jury Instructions**

Court improperly denied the following of Defendant's request for certain jury instructions as follows: 1. precluded Defendant from a jury instruction on Entrapment; 2. allowed the jury to use transcripts of the recordings, including at deliberations, over defense objection; 3. denied Defense instruction defining False or Fictious; 4. denied Defendant's instruction defining "Material"; 5. denied Defendant instruction on "Good Faith." Doc #107. Moreover, at the conclusion of trial, the Court amended the instruction defining "Materiality" which made the Government's burden of proof on this matter significantly easier. T. 721-724. The change was made by the Court because Defendant impeached the Government's witness on the issue of "materiality" and because of the impeachment, the Court modified the instruction to negate the impeachment and make the Government's burden of proof simple. *Id.*

4893-0657-9971, v. 2

## VI. The Evidence Presented at Trial by the Government was Insufficient to Support a Conviction on Count I of the Indictment.

There was insufficient evidence presented at trial to convict Mr. Zambrano of false statements. The evidence did not support that the "false" statements to ambiguous and vague questions were material or done willfully. The jury must have substantial evidence upon which to base a verdict of guilty beyond a reasonable doubt and a guess is not proof beyond a reasonable doubt. *United States v. Spirk*, 503 F. 3d 619, 623 (7th Cir. 2007). Zambrano relies on and incorporates, as if stated herein, the arguments contained in his Motion for Judgment of Acquittal.

## VII. The Jury's Verdict Was Against the Manifest Weight of the Evidence and Thus Constituted a Miscarriage of Justice.

Zambrano relies on and incorporates, as if stated herein, the arguments contained in his Motion for Judgment of Acquittal.

## VIII. Court Committed Error in Response to Jury Questions Prejudiced Defendant

The Jury sent a question asking if the Defense could have introduced evidence. The Court's answer, over defendant's objection, stated that both sides had the opportunity to introduce evidence. The answer improperly shifted a burden to the defendant. Accordingly, Defendant was prejudiced by the Court's answer to the question. Vol. 4 pgs. 813-816.

Next, the jury sent another note whether the jury was required to articulate which of the statements they were unanimous on. *Id*. 824. The Court answered, "No." Prior to the jury verdict being announced, Defendant asked that in light of the above jury question, Defendant be allowed to poll the jury, in the event of a guilty verdict, concerning which of the five statements each juror found defendant guilty. This request was denied by the Court. *Id.* at 825-833. The jury question on this issue strongly implied that the jury had ***not*** reached a unanimous verdict on a

particular statement(s). Polling the jury would have resolved the issue; however, defendant was denied this right. Defendant's request to poll the jury was not improper, nor was it burdensome. It would have definitively proven the matter at issue. The jury was polled but not on this issue. Accordingly, in light of the facts here, it is probable that Defendant was found guilty of statements which were not unanimous by the jury.

> IX. **The Aggravation of the Errors Committed by the Court Resulted in Denial of Defendant's Right to a Fair Trial.**

For the reasons stated above, the culmination of which necessitates a new trial.

WHEREFORE, Defendant Fernando Zambrano prays that this Honorable Court grant his motion for a new trial; and for any other relief this Court deems just and proper.

DATED: November 15, 2021

By: /s/ Daniel Q. Herbert
Daniel Q. Herbert

The Herbert Law Firm
Attorneys for Defendant Zambrano
206 S Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Dan.herbert@danherbertlaw.com
Kelly.krauchun@danherbertlaw.com
Attorney #6273940

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on November 15, 2021, he caused a copy of foregoing **DEFENDANT'S MOTION FOR A NEW TRIAL** to be filed electronically with the Clerk of the Court through CM/ECF, which will send notification of such filing to all counsels of record.

By: /s/ Daniel Q. Herbert
Daniel Q. Herbert

The Herbert Law Firm
Attorneys for Defendant Zambrano
206 S Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Dan.herbert@danherbertlaw.com
Attorney #6273940

4893-0657-9971, v. 2